# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ASHLEY SIMPSON and GARY SIMPSON,**

          **Plaintiff,**

**v.**                                     **Case No:   6:18-cv-2010-Orl-40GJK**

**UNITED PROPERTY & CASUALTY INSURANCE COMPANY,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **UNITED PROPERTY & CASUALTY INSURANCE COMPANY MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR ATTORNEYS' FEES AND COSTS PURSUANT TO FLORIDA LAW AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 5)** |
| **FILED:** | **November 26, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On October 29, 2018, Plaintiffs filed suit in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. Doc. No. 1-2. Plaintiffs allege that Defendant breached an insurance policy it issued to Plaintiffs by refusing to pay the full amount of insurance proceeds Plaintiffs suffered due to flooding on September 10, 2017. *Id.* Plaintiffs seek damages, "interest, costs, attorney's fees pursuant to Florida Statutes §§ 626.9373 and 627.428, and all equitable remedies or other relief that may be appropriate." *Id.* at 7. On November 20, 2018, Defendant filed its Notice of Removal, claiming that this Court has original exclusive jurisdiction pursuant to 42

U.S.C. § 4072, 44 C.F.R. Part 61, App. A(1), Article VII(R), and 28 U.S.C. § 1331. Doc. No. 1 at ¶¶ 7, 9.

On November 26, 2018, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the claims for attorney's fees and costs in the Complaint asserted pursuant to Florida law (the "Motion").[1] Doc. No. 5. Defendant argues that because it is a Write-Your-Own ("WYO") Program carrier participating in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act ("NFIA"), and related regulations propagated by the Federal Emergency Management Agency ("FEMA"), that issued a Standard Flood Insurance Policy ("SFIP") to Plaintiffs, Plaintiffs are not entitled to recover attorney's fees and costs. *Id.* Plaintiffs did not file a response to the Motion; thus, it is deemed unopposed. *See* Local Rule 3.01(b) (party opposing motion shall file a response within fourteen days of service of the motion).

A motion to dismiss made pursuant to Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. To survive a motion to dismiss made under Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Courts must also view the complaint in the light most favorable to the plaintiff and resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

"Although [Defendant] relies on Rule 12(b)(6), the Motion is more akin to a motion to strike under Federal Rule of Civil Procedure 12(f)." *Sanchez v. Selective Ins. Co. of Se.*, No. 18-21472-CIV, 2019 WL 79282, at *2 (S.D. Fla. Jan. 2, 2019). Under Rule 12(f), the court may strike

---

[1] At various places in the Motion, Defendant asks the Court to dismiss Plaintiffs' claims for damages pursuant to Florida law. Doc. No. 5 at 1, 7. Defendant admits that a claim can be asserted against it for breach of the insurance policy, *id.* at 2, and the Complaint asserts one cause of action, which is for breach of the policy, Doc. No. 1. In the conclusion of the Motion, Defendant asks "that the Court enter an Order dismissing the Plaintiff's claims for attorneys' fees and costs pursuant to Florida Statute § 627.428." Doc. No. 5 at 7. The Motion is therefore construed as requesting only that the claims for attorney's fees and costs be dismissed.

"any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In 1968, the NFIA was adopted in reaction to the high premiums flood insurers charged. *House v. Bankers Ins. Co.*, 43 F. Supp. 2d 1329, 1331 (M.D. Fla. 1999). "The NFIA governs the cooperative efforts between the federal government and the private insurance industry to make flood insurance available to the public on reasonable terms and conditions." *Sanchez*, No. 18-21472-CIV, 2019 WL 79282, at *2 (citing 42 U.S.C. § 4001). Under the NFIA, FEMA authorizes private insurance companies to issue WYO policies. *Id.* at 1331–32. "The carriers sell the insurance, adjust and pay claims, and provide risk capital, but the terms of the WYO polices are dictated by federal regulations." *Sanchez*, No. 18-21472-CIV, 2019 WL 79282, at *2 (citations omitted). FEMA reinsures and subsidizes the policies, "and the carriers are considered fiscal agents of the United States." *Id.* (citing *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007)).

The terms of the SFIP issued to Plaintiffs are set by Congress and codified by regulation so as to preempt any entitlement to attorney's fees under state law. *Shuford*, 508 F.3d at 1344 (holding that the "tort claim is expressly preempted by federal law because it arises from the handling of a claim under a" SFIP). "SFIP contracts are interpreted using principles of federal common law rather than state contract law." *Newton v. Capital Assur. Co.*, 245 F.3d 1306, 1309 (11th Cir. 2001). "[F]ederal law expressly preempts state-law claims that arise from the handling of a SFIP claim." *Sanchez*, No. 18-21472-CIV, 2019 WL 79282, at *2 (citing *Shuford*, 508 F.3d at 1344). Accordingly, district courts in the Eleventh Circuit hold that the NFIA pre-empts claims for attorney's fees under Florida Statute section 627.428. *Id.* at *3 (striking claims for attorney's fees under Florida Statute section 627.428 and claims for interest); *House*, 43 F. Supp. 2d at 1332 (dismissing claim for attorney's fees); *Lovers Lane, LLC v. Wright Nat'l Flood Ins. Co.*, No. 2:18-

CV-741-FTM-29MRM, 2019 WL 130362, at *1 (M.D. Fla. Jan. 8, 2019) (striking references to Florida Statutes sections 626.9373 and 627.428 as preempted); *see also West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978) ("[A] prevailing plaintiff in a suit on a flood insurance policy issued pursuant to the [NFIA] is not entitled to recover the statutory penalty and attorney's fees allowed by state insurance law for arbitrary denial of coverage.").

Accordingly, it is **RECOMMENDED** that the Court **GRANT** the Motion (Doc. No. 5) and dismiss Plaintiff's claims for attorney's fees and costs pursuant to Florida Statutes sections 626.9373 and 627.428.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on January 30, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record